562 P.2d 743

Mary E. PERONA, Appellant,

v.

Helen E. STARK, a widow, Individually and as Personal Representative of the Estate of Ralph E. Stark, Deceased, Appellee.

No. 2 CA–CIV 2333.

Court of Appeals of Arizona, Division 2.

March 8, 1977.

Nolen L. McLean, Silverstone & Stern, Tucson, for appellant.

Merchant, Lohse & Bloom by Cliffton E. Bloom, Tucson, for appellee.

OPINION

RICHMOND, Judge.

This is an appeal from a judgment forfeiting the buyer's interest under a contract for sale of real estate. We find that the action was commenced prematurely in contravention of A.R.S. § 33–741, and reverse.

The trial court found as a fact (and also stated as a conclusion of law) that ". . . any formal (sic) waivers of time limits . . . ." were revoked in June, 1974, by letters that gave appellant sufficient notice of presumption of the "time is of the essence" clause in the contract. The letters demanded that payments of principal and interest be made current, and that 1973 taxes be paid. The court found from the evidence that appellant had not made any payments on the contract since April 10, 1974, at which time the contract was brought current to October 3, 1973. The evidence disclosed that the 1973 property taxes, which the contract required appellant to pay, had been delinquent since November 2, 1973.

An action for forfeiture was commenced on January 20, 1975. The trial court correctly concluded from the evidence that more than nine months had elapsed from the time of the last payment under the contract until suit was instituted, but incorrectly concluded that the buyer's interest was subject to termination and forfeiture.

A.R.S. § 33–741 in pertinent part provides:

"Forfeiture of the interest of a purchaser in default under a contract for conveyance of real property may be enforced only after expiration of the following periods after the default:

\*      \*      \*      \*      \*      \*

"4. When the purchaser has paid fifty per cent, or more, of the purchase price, nine months."

Appellant had paid more than 50 per cent of the purchase price under the contract, and the determinative question is whether or not the reinstatement of the time-of-the-essence clause in June, 1974, reestablished the dates of the previous defaults in payment of principal and interest or taxes for the purpose of computing the grace period under § 33–741. The answer has been provided by the Supreme Court of Arizona in *Arizona Title Guarantee & Trust Co. v. Modern Homes,* 84 Ariz. 399, 330 P.2d 113 (1958), as follows:

> "We believe this to be a sound statement of law and the result is necessarily that the purchaser must be allowed the statutory time provided in section 33–741, supra, *calculated from the expiration of a reasonable time subsequent to the notice that strict compliance will be required,* and notice of forfeiture cannot be given until the expiration of such statutory time." (Emphasis supplied.) 84 Ariz. at 404, 330 P.2d at 115.

Under the trial court's finding of fact and conclusion of law, therefore, the nine months afforded appellant by § 33–741 before a forfeiture of her interest under the contract might be enforced did not begin to run until a reasonable time after reinstatement of the time-of-the-essence clause in June of 1974, rather than April when a delinquent payment had been accepted by appellee, and the commencement of the action in January of 1975 was premature. A judgment must be supported by facts as they existed at the time of the commencement of the action. *Jahnke v. Palomar Financial Corporation,* 22 Ariz.App. 369, 527 P.2d 771 (1974).

Appellee argues that A.R.S. § 33–741 applies only to the failure of the purchaser to pay installments of principal and interest, and not to defaults caused by other acts of the purchaser, such as the failure to pay property taxes. The plain language of the statute does not support this novel argument, and appellee cites no other authority.

Pursuant to a provision for award of a reasonable attorney's fee fixed by the court to the prevailing party in any suit brought to enforce or cancel the contract, the judgment included the sum of $1,500 for that purpose. In reversing, we direct that judgment be entered in favor of appellant in a like amount, $1,500, as attorney's fee in the trial court and an additional $1,000 as a reasonable attorney's fee on this appeal.

Reversed with directions.

HOWARD, C. J., and HATHAWAY, J., concur.