601 P.2d 602

**Thomas ALTON and Sonya Rae Alton, husband and wife, Appellants,**

v.

**TOWER CAPITAL COMPANY, INC., an Arizona Corporation, Appellee.**

**No. 14177.**

Supreme Court of Arizona,
In Banc.

Oct. 11, 1979.

Thomas Alton, Sedona, in pro. per.

Mangum, Wall, Stoops & Warden by Gerald W. Nabours, Flagstaff, for appellee.

GORDON, Justice:

This is an appeal from a judgment of the Superior Court in favor of plaintiff, Tower Capital Co., Inc. (Tower), awarding Tower a writ of restitution of its rental property, unpaid rent, attorney's fees and costs. Taking jurisdiction pursuant to 17A A.R.S., Arizona Rules of Civil Appellate Procedure, Rule 19(e), we reverse the judgment of the Superior Court.

In March of 1976, Tower leased office space in the Yavapai Savings Complex in Sedona, Arizona, to defendant, Thomas Alton. The lease provided for the rental of this office space for a period of six months, at a monthly rate of $170, plus sales tax, due on the fifteenth day of each month. Alton remained as a tenant in the Yavapai Savings Complex beyond the six month period and continued paying the same monthly rent.

The Yavapai Savings Complex was managed for Tower by John DePoe and Associates. On September 8, 1977, DePoe sent Alton a letter informing him that although rent was paid through September 15, he could not remain as a tenant beyond that date without signing a lease at a rental rate of $270 per month, plus sales tax. The letter further indicated that if Alton did not sign a lease by September 15, he would have to vacate the premises by October 1 and that Alton's check in payment of rent from September 15 through October 1, at the increased rate, was due on September 15. The letter further stated that if this sum were not promptly paid, an action in forcible detainer to remove Alton from the premises would commence immediately.

Alton paid no rent for the period subsequent to September 15, 1977. Tower filed a forcible entry and detainer action on November 2, 1977. Judgment was entered on November 17, awarding Tower possession of the premises, costs, attorney's fees, and rent at a rate of $5.89 per day from September 14, 1977, until Tower received possession.

Defendant raises several issues on appeal, but it is unnecessary to consider more than one: whether Tower properly demanded possession of its premises from defendant so that defendant became guilty of forcible detainer.

Alton asserts that it was improper for the trial court to find him guilty of forcible detainer, because he did not receive proper notice of a demand for the premises. Alton became a month to month tenant when he remained in the office and continued paying rent after the original six month lease terminated in September, 1976. A.R.S. § 33–342. When defendant failed to pay rent due on September 15, 1977, Tower could treat the month to month lease as terminated without notice to defendant. A.R.S. § 33–341(B).

Forcible entry and detainer actions are governed by A.R.S. § 12–1171 et seq. A.R.S. § 12–1173 provides:

"A. There is a forcible detainer if:

"1. A tenant at will or by sufferance, after termination of his tenancy or after written demand of possession by his landlord, *or a tenant from month to month or a lesser period whose rent is due and unpaid, fails or refuses for five days after demand in writing to surrender and give possession to his landlord."* (Emphasis added.)

Although A.R.S. § 33–341(B) requires no notice in order to effectuate a termination of a month to month tenancy, once rent is due and unpaid, if the landlord intends to commence forcible entry and detainer proceedings to enforce his right to possession of the premises, he must make a written demand upon the tenant to surrender the property. The forcible entry and detainer proceedings cannot be commenced until five days after giving of this notice. *See* A.R.S. § 12–1173(A)(1).

 ˙Tower claims that, because the September 8th letter informed Alton that forcible entry and detainer proceedings would begin if he did not pay rent by September 15, the five day notice requirement of A.R.S. § 12–1173(A)(1) was met. We disagree. To allow the five day notice to be given before rent is due and unpaid strips the notice requirement of any meaning. A landlord could thereby inform his tenant each month, five days before rent was due, that he intended to commence forcible entry and detainer proceedings if rent was not paid on time. It is clear to this Court that A.R.S. § 12–1173 was not intended to authorize this type of action.

We hold, therefore, that the written demand to surrender, which is a prerequisite to filing a forcible entry and detainer action against a month to month tenant whose rent is due and unpaid can only be made after rent has become due and unpaid. Accordingly, a proper demand to surrender the premises was never made upon defendant and the trial court incorrectly found that defendant had committed a forcible detainer.[1]

 Because the trial court should have found that Alton was not guilty of forcible detainer, it should not have awarded Tower rent in the forcible detainer proceeding. In a forcible detainer action, "the only judgment which can be rendered * * * is one restoring premises to the plaintiff in the action or a judgment dismissing the complaint; * * *. *Olds Bros. Lumber Co. v. Rushing,* 64 Ariz. 199, 205, 167 P.2d 394, 398 (1946). Although a landlord can recover rent in a successful forcible detainer action, A.R.S. § 12–1178(A), the award of rent is contingent upon the recovery of possession. *See Gila Land & Water Co. v. Brown,* 20 Ariz. 400, 181 P. 457 (1919). Moreover, A.R.S. § 12–1183 makes it clear that rent can still be recovered in a separate action.

The judgment of the Superior Court is reversed and remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

1. A landlord is not without remedy against an unwanted month to month tenant who continues to pay his rent on time. By giving ten days notice he can terminate the tenancy. A.R.S. § 33–341(B). If the tenant remains on the premises after termination the landlord can recover possession in an action of forcible detainer as provided by A.R.S. § 12–1171(3).

In the present case, DePoe's letter to Mr. Alton on September 8, 1977, had certainly terminated the tenancy by November 2, 1977, when this action was commenced. However, A.R.S. § 12–1171(3) requires that the tenant remain on the premises "after demand made in writing for the possession thereof by the person entitled to such possession." Like its companion, A.R.S. § 12–1173(A)(1), § 12–1171(3) also contemplates demand *after* the tenancy has terminated. Thus, Tower could not succeed under either A.R.S. § 12–1171(3) or § 12–1173(A)(1).