718 P.2d 489

**John RAPP dba Vista Hermosa Mobile Home Park, Plaintiff-Appellee, Cross Appellant,**

*v.*

**Angelo J. OLIVO, Laura G. Strand, Edward Smith, Defendants-Appellants, Cross Appellees.**

**No. 1 CA–CIV 7780.**

Court of Appeals of Arizona, Division 1, Department A.

April 10, 1986.

Law Offices of Ronald W. Meyer by Ronald W. Meyer, Phoenix, for plaintiff-appellee cross appellant.

Community Legal Services by Albert H. Duncan, Phoenix, for defendants-appellants cross appellees.

## OPINION

KLEINSCHMIDT, Judge.

This appeal arises from a judgment entered in a forcible detainer action. The defendants are tenants in the Vista Hermosa Mobile Home Park, where they rent spaces for their mobile homes. Defendants Laura G. Strand and Edward Smith rented space at a base monthly rate of $125 pursuant to a one-year written agreement which was to expire on December 30, 1982. Defendant Angelo J. Olivo's one-year lease, providing for rent at that same rate, expired on February 28, 1983. Prior to the time the leases expired, plaintiff John Rapp, the owner of the mobile home park, notified the tenants of rental increases and charges that would go into effect when the leases were renewed following expiration. The defendants were among a group of tenants who objected to the increase in rents and charges and sought to extend the existing rental terms. The landlord nevertheless proceeded with the increase, giving a second notice of the increase to the tenants in January, 1983, and instituting the increase in April, 1983. Some of the tenants, including the above-mentioned defendants, refused to pay rent at the increased rate.

The landlord rejected any tender of rent that was for less than the full amount charged at the increased rates and, on September 8, 1983, filed a forcible detainer complaint against the defendants. The landlord sought all unpaid rents, possession of the mobile home spaces, and his attorney's fees and costs. He alleged that he had given the notice required by A.R.S. § 33–1476(F) of the Arizona Mobile Home Parks Residential Landlord and Tenant Act, hereinafter referred to as the mobile home act. That proviso requires that a landlord, in order to terminate a rental agreement, give seven-days written notice of his intention to terminate if the rent is

not paid within that time period. The statute reads:

> F. If rent is unpaid when due and the tenant fails to pay rent within seven days after written notice by the landlord of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period of time, the landlord may terminate the rental agreement. Prior to judgment in an action brought by the landlord under this subsection, the tenant may have the rental agreement reinstated by tendering the past due but unpaid periodic rent, reasonable attorney's fees incurred by the landlord and court costs, if any.

The tenants sought dismissal of the complaint on the grounds that the complaint and seven-day notice provided pursuant to A.R.S. § 33–1476(F) were defective. The trial court agreed with the tenants that the landlord's complaint was defective in failing to describe the premises of each tenant for which he was seeking possession as required by A.R.S. § 12–1175(B) a section of the forcible entry and detainer statute. The trial court also agreed that the seven-days notice given was defective in failing to set forth the amount of rent owed by each tenant, a requirement designed to allow the rental arrearages to be cured as anticipated by A.R.S. § 33–1476(F). On September 30, 1983, the trial court granted the motion to dismiss the complaint without prejudice and allowed the landlord leave to file an amended complaint within 20 days.

On October 7, 1983, the landlord gave each tenant a second notice pursuant to A.R.S. § 33–1476(F) stating his intention to terminate the rental agreements if rent was not paid. The notice set forth the amount each tenant owed. On October 18, 1983, the landlord filed an amended complaint describing the respective premises of the tenants. The case was tried to a jury and the tenants were found guilty of forcible detainer. The trial court entered judgment for the landlord granting him possession of the premises, damages for the rent owed, and attorney's fees in the amount of $3,879.00.

The tenants filed various post-trial motions including an objection to form of judgment, motion for new trial and motion for judgment notwithstanding the verdict, all of which were denied. The landlord filed a request for additional attorney's fees for the time spent on the post-trial matters. That request was denied. The tenants appealed from the judgment including the award of attorney's fees made against them. The landlord cross-appealed from the trial court's denial of his request for additional attorney's fees and from the trial court's ruling that the tenants' bond to stay the execution of the judgment during the appeal did not have to be in an amount which would cover the attorney's fees awarded in the judgment. We turn first to the arguments raised by the tenants.

## AMENDMENT OF COMPLAINT

The tenants argue that the trial court erred in entering judgment against them since no cause of action existed at the time the landlord filed his original complaint. They are correct in that the landlord's complaint was premature since the notice he had given pursuant to A.R.S. § 33–1476(F) was defective. The trial court took the unusual and inconsistent step of "dismissing" the complaint and "allowing" the landlord to file an "amended complaint."

The tenants' contention is that the landlord was required to file a new lawsuit against them after he took the steps that created his cause of action. Since the trial court did not require a new suit to be filed, but instead allowed the landlord to amend his complaint in the original suit, the tenants argue that the trial court was without jurisdiction to enter judgment against them.

In support of their contention, the tenants cite *Jahnke v. Palomar Financial Corporation*, 22 Ariz.App. 369, 527 P.2d 771 (1974), in which this court ruled that a complaint should have been dismissed where it failed to state a claim upon which relief could be granted. As we noted:

> A cause of action must exist and be complete prior to the commencement of

the lawsuit and if it is not it is defective as premature. *Fulton v. Woodford,* 17 Ariz.App. 490, 498 P.2d 564 (1972). This is true where a necessary element of the cause of action does not occur until after the commencement of the action. *Investment Service Co. v. Martin Bros. Container & Timber Products Corp.,* 255 Or. 192, 465 P.2d 868 (1970). The *rights and liabilities of the parties de-pend upon the facts as they existed at the time of the commencement of the action and not later at the time of the filing of a motion for summary judg-ment.*

*Jahnke,* 22 Ariz.App. at 373, 527 P.2d at 775. Similarly in *Perona v. Stark,* 114 Ariz. 570, 571, 562 P.2d 743, 744 (App. 1977), Division Two of this court noted that "[a] judgment must be supported by facts as they existed at the time of the com-mencement of the action."

These cases are not dispositive. Both were cases in which the matter proceeded to judgment on a complaint that failed to state a sufficient claim for relief and which had never been amended to state a suffi-cient claim. In *Jahnke,* where we said that the complaint should have been dismissed for failure to state a claim, we expressly noted that neither an amended nor a sup-plemental complaint had been filed. *Jahnke,* 22 Ariz.App. at 373, 527 P.2d at 775.

■ Express authority to supplement the pleadings is found in Rule 15(d) of the Arizona Rules of Civil Procedure which provides:

15(d) *Supplemental Pleadings.* Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supple-mental pleading setting forth transac-tions or occurrences or events which have happened since the date of the pleading, sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or de-fense....

The state bar committee note following the statutory section indicates that Rule 15(d) was intended to prevent a plaintiff from having to commence a new action in just this type of situation:

Rule 15(d) is intended to give the court broad discretion in allowing a supplemen-tal pleading. However, some cases op-posed by other cases and criticized by the commentators, have taken the rigid and formalistic view that where the original complaint fails to state a claim upon which relief can be granted, leave to serve a supplemental complaint must be denied. Thus plaintiffs have sometimes been needlessly remitted to the difficul-ties of commencing a new action even though events occurring after the com-mencement of the original action may have made clear the right to relief.

Under the amendment the court has discretion to permit a supplemental pleading despite the fact that the original pleading is defective....

We find that the "amendment" of the com-plaint in this case, which was no different in effect than a supplement to the plead-ings, was authorized by the rules of civil procedure. Therefore the trial court did not lack jurisdiction to enter judgment on the amended complaint.

### NOTICE

Next, the tenants argue that even the second time around the landlord did not provide effective notice. They argue that even if the seven-days notice required by A.R.S. § 33–1476(F) (mobile home act) was proper, that the landlord also had to give the notice of termination and written de-mand for possession referred to in A.R.S. §§ 12–1171 and 12–1173, the forcible entry and detainer statutes. A person is guilty of forcible detainer if he willfully holds over any lands, tenements, or other real property after written demand for posses-sion has been made by the person entitled to possession. A.R.S. § 12–1173(A)(2). Various situations which constitute forcible detainer are found in A.R.S. § 12–1173.

The tenants point out that the Arizona Supreme Court, in a footnote to *Alton v. Tower Capital Co.*, 123 Ariz. 602, 604, n. 1, 601 P.2d 602, 604, n. 1 (1979), stated that A.R.S. § 12–1173(A)(1) and A.R.S. § 12–1171(3) both contemplate that a demand be made *after* the tenancy has terminated. Arizona Revised Statutes § 12–1173(A)(1) as it was worded at the time of the *Alton* decision provided:

A. There is a forcible detainer if:

1. A tenant at will or by sufferance, after termination of his tenancy or after written demand of possession by his landlord, or a tenant from month to month or a lesser period whose rent is due and unpaid, fails or refuses for five days after demand in writing to surrender and give possession to his landlord.

The tenants argue pursuant to *Alton* that the landlord was required to give them a written demand for possession *after* he gave the seven-day notice which led to the termination of the lease pursuant to A.R.S. § 33–1476(F). They point out that actions for forcible detainer are special statutory proceedings, summary in nature and in derogation of the common law and therefore that the statute conferring jurisdiction must be strictly followed or the proceeding will be void. *See* 35 Am.Jur.2d *Forcible Entry and Detainer* § 33 (1967).

The tenants also point out that in 1983, the legislature amended the forcible entry and detainer statute, A.R.S. § 12–1173, to provide:

There is a forcible detainer if:

1. A tenant at will or by sufferance, or a tenant from month to month or a lesser period whose rent is due and unpaid or whose tenancy has been terminated as provided in § 33–1368, retains possession after his tenancy has been terminated or after he receives written demand of possession by the landlord.

*See* Laws 1983, ch. 234, § 1. Arizona Revised Statutes § 33–1368 is found in the Arizona Residential Landlord and Tenant Act. It provides a seven-days notice requirement before termination to tenants protected by that act similar to the mobile home act, A.R.S. § 33–1476(F). The amendment to A.R.S. § 12–1173(1) indicates that a tenant from month-to-month or a lesser period whose tenancy has been terminated as provided in A.R.S. § 33–1368 is guilty of forcible detainer without the necessity of presenting a written demand for possession. The tenant argues that since the legislature expressly cited to A.R.S. § 33–1368 of the residential landlord tenant act and did not cite the comparable section in the mobile home act, that the legislature did not intend the termination pursuant to A.R.S. § 33–1476(F) to give rise to a forcible detainer without requiring written demand for possession. The tenants offer no practical reason why a landlord who leases mobile home spaces should have to give more notice than a landlord who rents conventional residential housing. The statutes are quite complex and it is entirely possible that the failure to include a reference to A.R.S. § 33–1476(F) in A.R.S. § 12–1173 was an oversight.

The language in both the present version of A.R.S. § 12–1173(1) and the former version states that there is a forcible detainer if a tenant by sufferance retains possession after his tenancy has been terminated. The statute provides that the mere retention of possession after termination of the tenancy of a tenant by sufferance constitutes a forcible detainer. A tenant at sufference is one who comes into the possession of land lawfully but holds over wrongfully after his interest terminates. 49 Am.Jur.2d *Landlord and Tenant* § 81 (1970). We have no evidence to suggest that the tenants in this case were tenants for month-to-month or for a lesser period. Rather, they were tenants under a yearly lease which automatically renewed itself pursuant to A.R.S. § 33–1413(E). They became tenants at sufferance when the landlord terminated their lease pursuant to A.R.S. § 33–1476(F). We find, therefore, that the seven-days written notice required by A.R.S. § 33–1476(F), which terminated the rental agreements, was the only written notice the landlord was required to give in order to bring a forcible detainer action.

We believe that the procedure followed here gave fair notice to the tenants and in every practical way satisfied the same purpose of the notice provisions of the forcible entry and detainer statutes. We believe the notice provision of A.R.S. § 33–1476(F) was intended to substitute for or supersede the notice provision of the forcible entry and detainer statute.

## TERMINATION

The tenants next argue that the trial court erred in finding that the landlord had succeeded in terminating the rental agreements through the giving of notice pursuant to A.R.S. § 33–1476(F). They indicate that the notice given required the tenants to pay rent at an increased rate along with additional charges. They dispute whether, under the facts of the case, the plaintiff could raise the rent and make the charges he made and whether he gave timely notice of the rental increases and charges.

■ This issue requires a review of the record to determine whether the trial court's ruling that the lease was properly terminated was justified by the evidence. An appellant has the duty of furnishing a transcript of the proceedings if he feels any of the trial court's rulings were not justified by the evidence. *Rancho Pescado, Inc. v. Northwestern Mutual Life Insurance Co.*, 140 Ariz. 174, 189, 680 P.2d 1235, 1250 (App.1984). Since no transcript was furnished, we assume the evidence supported the trial court's finding. *Bryant v. Thunderbird Academy*, 103 Ariz. 247, 249, 439 P.2d 818, 820 (1968).

## ATTORNEY'S FEES

■ The tenants' final argument is that the landlord was not entitled to an award of attorney's fees against them in a forcible detainer action. Pursuant to the rationale of the *DVM Company v. Stag Tobacconists, Ltd.*, 137 Ariz. 466, 671 P.2d 907 (1983), we agree with the tenants that the attorney's fees could not have been awarded under the law existing at the time of trial, and we therefore reverse the attorney's fees award.

In *DVM Company* a tenant who successfully defended in a forcible detainer action sought to recover attorney's fees. Although the rental agreement provided for attorney's fees, the Arizona Supreme Court held that the issue of attorney's fees could not be injected into a forcible entry and detainer action without an express statutory provision allowing a party to recover attorney's fees as part of a judgment in a forcible entry and detainer action. In holding that attorney's fees were not allowable in the absence of such express statutory authority, the court reasoned:

At the time of the trial there were no statutory provisions allowing a party to recover attorney's fees as part of a judgment in a forcible entry and detainer action. Although the parties' lease in the instant case provides for attorney's fees, the court's authority is limited by the special character of forcible entry and detainer actions and by A.R.S. §§ 12–1177 and 12–1178 and therefore such proceedings cannot be expanded by the lease. Allowing the issue of attorney's fees to be interjected into forcible entry and detainer actions would detract from the summary nature of those actions.

*DVM Company*, 137 Ariz. at 468, 671 P.2d at 909. The court noted in a footnote that the legislature had recently amended A.R.S. § 33–1315(A)(2) of the Arizona Residential Landlord and Tenant Act, making a prevailing party in a forcible entry and detainer action entitled to attorney's fees pursuant to A.R.S. § 12–341.01 regardless of whether the rental agreement provides for such an award. The court indicated that the decision in *DVM Company*, therefore, would be applicable only to matters brought prior to the effective date of the statutory amendment to A.R.S. § 33–1315(A)(2).

We note that the legislature has amended the Arizona Mobile Home Parks Residential Landlord and Tenant Act to provide an express statutory award of attorney's fees. Arizona Revised Statutes § 33–1408(C) provides in relevant part:

In any contested action arising out of an agreement entered into pursuant to this chapter or for violation of any provisions of this chapter, the court may award the successful party reasonable attorney's fees.

*See* Laws 1984, ch. 68, § 1, effective April 10, 1984. Presumably, under the rationale of *DVM Company*, this statute allows attorney's fees to be awarded to the successful party in forcible entry and detainer actions brought against tenants of mobile home parks. This provision for attorney's fees, however, did not go into effect until after this suit was filed. A statute providing for attorney's fees does not apply to suits commenced before the effective date of the statute. *Bouldin v. Turek*, 125 Ariz. 77, 78, 607 P.2d 954, 955 (1979).

The landlord tries to argue that another section of the mobile home act authorized attorney's fees even before the legislature added the attorney's fees provision in A.R.S. § 33–1408(C). He points out that A.R.S. § 33–1476(F), from the time the mobile home act was enacted in 1975, has provided that a tenant, any time prior to judgment, may have the rental agreement reinstated by tendering the past due rental payments plus reasonable attorney's fees and costs incurred. The landlord argues that it would be unreasonable to assume the legislature would require a tenant to pay attorney's fees when he does not go to trial but would not require him to pay attorney's fees when he goes to trial. We disagree.

The landlord's interpretation of the statute violates the clear wording of the statute. Arizona Revised Statutes § 33–1476(F) provides for payment of attorney's fees by the tenant only when the tenant is reinstating his lease. It does not address

itself to attorney's fees in any other situation. We find nothing unreasonable in the legislature's requiring that a tenant who receives the privilege of having his lease reinstated should, upon reinstatement, pay attorney's fees for that privilege, and at the same time not requiring that a tenant who loses possession of the property pay attorney's fees.

## CONCLUSION

We conclude that the portion of the judgment awarding attorney's fees to the plaintiff must be reversed since the attorney's fees were not expressly authorized by the statute at the time of trial. Because of our ruling on this issue, it is unnecessary to address the issues raised in the cross-appeal regarding the landlord's request for additional attorney's fees and an increase in the bond on appeal to reflect the award of attorney's fees granted by the trial court. The rulings of the trial court on these matters are affirmed. The landlord seeks attorney's fees on appeal. We conclude that he is not entitled to attorney's fees on appeal for the same reason he was not entitled to attorney's fees at trial.

The judgment of the trial court is affirmed with the exception of the award of attorney's fees. The award of attorney's fees is vacated.

GREER and MEYERSON, JJ., concur.