731 P.2d 1239

STATE of Arizona, ex rel., S. David CHILDERS, Director of Insurance, formerly J. Michael Low, Plaintiffs-Appellants,

v.

2525 EAST ARIZONA BILTMORE CIRCLE CORPORATION, Successor In Interest-Appellee.

No. 1 CA–CIV 8510.

Court of Appeals of Arizona, Division 1, Department B.

July 10, 1986.

Review Denied Jan. 21, 1987.

Goldman & Kaplan, Ltd. by Morris A. Kaplan, Mark E. Meltzer, Phoenix, for plaintiffs-appellants.

Mohr, Hackett, Pederson, Blakely, Randolph & Haga, P.C. by Arthur W. Pederson, Phoenix, for successor in interest-appellee 2525 East Arizona Biltmore Circle.

## OPINION

JACOBSON, Presiding Judge.

This appeal requires a determination of whether a lessor can assert a landlord's lien pursuant to A.R.S. § 33–362 on the personal property of an entity which shares possession of the leased premises with the lessee, even though there is no formal sublease agreement. Collateral issues involve: (1) the propriety of the trial court's refusal to hear a motion for reconsideration of a prior ruling on an issue of law; and (2) the propriety of the trial court's finding that proration of the landlord's lien was neither warranted nor possible.

The material facts are undisputed. Arizona General Insurance Company (AGIC) was authorized to transact insurance business in Arizona. Arizona General Insurance Management, Ltd. (AGIM), provided management services to AGIC and other insurance companies. AGIM and AGIC had common officers and directors and were both owned by Arizona General Insurance Holding Corporation (Holding Company).

On February 1, 1980, AGIM, AGIC, and Holding Company signed an agreement, providing that AGIM would assume the general management of AGIC in exchange for a percentage of the gross earned and written premiums. For example, Section II(2) of the AGIM Agreement provided that AGIM would pay the salaries of all employees necessary for conducting the business of AGIC.

Scottsdale Executive Centre Associates (Lessor)[1] leased one of its offices to AGIM. Both AGIM and AGIC used the leased premises as their office. The signs indicated that the leased premises were used by AGIC. When the occupants of the leased premises answered the telephone, the answering party always identified the occupants as AGIC, not as AGIM. In the Metro-Phoenix Business Telephone Book, both AGIC and AGIM were listed at the address of the leased premises and as having the same telephone number.

On August 26, 1982, AGIC purchased computer equipment which it housed at the leased premises. Ivan Knopp (Knopp), a director of both AGIM and AGIC, testified that AGIC had paid for the computer equipment because AGIM did not have any money. Everything else on the leased premises was owned by AGIM. Although it was intended that AGIM use the computer equipment, there was no such formal agreement authorizing that use.

Both AGIM and AGIC ceased doing business and on March 23, 1984, the trial court entered an order appointing the Director of

Insurance as receiver (Receiver) for AGIC and enjoining the transfer of its assets. At that time, the rent due for the leased premises was $27,060.67. On May 14, 1984, the Lessor filed a motion for relief from the injunction so that Lessor could assert a landlord's lien on the computer equipment, pursuant to A.R.S. § 33–362. The Lessor and Receiver stipulated to the sale of the computer equipment and the deposit of the proceeds with the clerk of the superior court. The computer equipment was sold for $31,698.15.

The dispute resolved itself to a determination of whether the lessor was entitled to these proceeds as representing personal property upon which it claimed a lien, or whether the receiver was entitled to the proceeds as belonging to an insolvent insurer. The trial court ruled in favor of the Lessor, based on its findings that AGIC was in possession of the leased premises and was liable for rent, and thus that it could be considered a sublessee under A.R.S. §§ 33–323 and –362(B) against which a landlord's lien could be asserted.

The court then conducted an unrecorded hearing to determine the extent to which Lessor was entitled to the proceeds from the sale of the computer equipment. After the hearing, the trial court declined to prorate the liability of AGIC and AGIM to the lessor. The court ruled, by minute entry, that the entire amount of the rent owed to the lessor should be distributed from the proceeds of the sale of the equipment. This ruling was based on the findings that proration was neither warranted nor possible.

The parties then briefed and argued the Lessor's request for attorneys' fees, which were subsequently denied by the trial court. On May 2, 1985, the Receiver filed a motion for reconsideration, arguing in part that a landlord's lien was not a secured claim within the meaning of A.R.S. § 20–611(11) of the Uniform Insurers Liquidation Act. The trial court declined to hear

1. Appellee, 2525 East Arizona Biltmore Circle Corporation, is the successor in interest to Scottsdale Executive Centre Associates. In this decision, references to Lessor shall include both entities.

this motion on grounds that it was untimely and that it did not present newly discovered facts or newly developed law. The trial court thereafter entered partial judgment on the landlord's lien, the proration of the proceeds, and the attorneys' fees issues, in accordance with its prior rulings.

We first dispose of the Receiver's contention that even if the Lessor had a landlord's lien on the computer equipment, a landlord's lien is not a secured claim within the meaning of A.R.S. § 20–611(11) of the Uniform Insurers Liquidation Act. The trial court declined to address this argument on the ground it was not timely presented. *See Cecil Lawter Real Estate School, Inc. v. Town & Country Shopping Center Co.,* 143 Ariz. 527, 694 P.2d 815 (1984). The Receiver introduced this argument for the first time more than five months after the trial court had concluded that a landlord's lien was properly asserted. He waited until after the parties had tried and briefed the proration question and had briefed and argued the question of attorneys' fees.

■ Without citation of authority, the Receiver argues that in light of the nature of a receivership proceeding and the fact that the Lessor's claim had not yet been paid, the trial court abused its discretion in finding the motion for reconsideration untimely. To the contrary, we find nothing in the receivership proceeding or in the nonpayment of the Lessor's claim to indicate that the trial court abused its discretion in declining to consider this afterthought.

The Receiver next argues that AGIC was not a sublessee subject to a landlord's lien within the meaning of A.R.S. § 33–362(D). He, in essence, argues that a landlord's lien only attaches to the property of a tenant, sublessee or an assignee and since no written document places AGIC in these categories, it must be considered as "any other person" under A.R.S. § 33–362, which provides in pertinent part:

> The landlord shall have a lien on all property of his *tenant* not exempt by law, placed upon or used on the leased premises, until the rent is paid.... (emphasis added)

> \* \* \* \* \* \*

> The landlord may seize for rent any personal property of his *tenant* found on the premises, but the property of *any other person,* although found on the premises, shall not be liable therefor. (emphasis added)

> \* \* \* \* \* \*

> When premises are sublet, or when the lease is assigned, the landlord shall have the same lien against the sublessee or assignee as he has against the tenant and may enforce the lien in like manner.

■ The trial court found that AGIC was liable for rent as the possessor of the leased premises within the meaning of A.R.S. § 33–323, which provides:

> Every person in possession of land out of which rent is due is liable for the amount or proportion of rent due from the lands in his possession, although it is only a part of the land originally demised, without depriving the landlord of other legal remedies for recovery of rent.

Thus, the trial court concluded that since AGIC was liable for rent, it could "fairly be regarded as a sublessee of the leased premises," within the meaning of A.R.S. § 33–362 and its property could be subjected to a landlord's lien. We agree that an entity which is liable for rent under A.R.S. § 33–323 can be considered a "sublessee" under A.R.S. § 33–362(D). The Lessor presented ample evidence showing that AGIC possessed the leased premises. AGIC was listed on the door as an occupant; it was listed in the telephone directory as an occupant; and personnel on the premises identified AGIC as an occupant. The Receiver presented no evidence to the contrary.

The trial court could also conclude that AGIC's right to possess the leased premises derived from the AGIM Agreement. Section II(1) of the Agreement stated that "manager shall provide and pay the cost of occupancy of all offices...." It is unclear from the face of section II(1) whether

AGIM was obligated to provide offices for the mutual possession of both. The Receiver, however, did not present any facts indicating that AGIC possessed the leased premises without AGIM's consent or pursuant to another agreement. Therefore, a portion of the premiums paid by AGIC to AGIM was the equivalent of rent paid in exchange for AGIC's right to possess the leased premises.

Finally, the lessor was entitled to the presumption of a legal tenancy based upon possession and payment of rent. *Independent Gin Co. v. Parker*, 19 Ariz.App. 413, 508 P.2d 78 (1973). In that case, Independent Gin Co., Inc. did not sign any agreement which could be considered an assignment of a tenancy; it was designated as the lessee's agent and had been given the lessee's power of attorney. The court concluded that Independent Gin, "being in possession and paying rent, was therefore presumptively an assignee of the leasehold term. It was incumbent upon it, in order to prevail, to explain that the real character of its possession was otherwise." 19 Ariz. App. at 415, 508 P.2d at 80. The court went on to hold that Independent Gin, as an assignee, was liable for unpaid rent.

■ The Receiver argues that *Independent Gin Co.* is inapplicable because, although an assignment may be presumed, a sublease may not. We see no reason, however, for applying a presumption of assignment, but not one of sublease, to evidence of possession and payment of rent. In any event, A.R.S. § 33–362(D) would allow the imposition of a landlord lien upon the property of either an "assignee" or a "sublessee" of the premises.

■ The Receiver also argues that the nature of the possession in this case was that of a licensee, not a sublessee. We do not address this argument because it is made for the first time on appeal. *See Yano v. Yano*, 144 Ariz. 382, 697 P.2d 1132 (1985).

■ Finally, in our opinion, the policy underlying A.R.S. § 33–362 mandates that an entity which is liable for rent as a possessor of the leased premises pursuant to A.R.S. § 33–323, is subject to a lien under A.R.S. § 33–362(D). The purpose of the landlord's lien is to secure the payment of rent. *Mason Dry Goods Co. v. Ackel*, 30 Ariz. 7, 243 P. 606 (1926). It would be inconsistent with this purpose to construe A.R.S. § 33–362 so that a landlord had no lien on the property of an occupant, although the occupant was liable for rent as a possessor of the landlord's premises. *Cf. Murphey v. Brown*, 12 Ariz. 268, 100 P. 801 (1909).

We conclude that there is no reason to distinguish between a possessor of property within the meaning of A.R.S. § 33–323 and a tenant, sublessee, or assignee within the meaning of A.R.S. § 33–362. Thus, the computer equipment is subject to the Lessor's lien because AGIC, as a possessor of the leased premises, was liable for the rent.

The Receiver argues that even if AGIC's property could have been subjected to a lien, the trial court should have prorated the liability of AGIC and AGIM for rent. The trial court conducted an unrecorded hearing and found that there was no allocation of the leased premises or of the employees' time between the operations of AGIC and AGIM. Thus, it concluded that proration of the lien as to the portion of the leased premises possessed by AGIC was neither warranted nor possible.

■ Without a transcript of the hearing, we cannot determine on appeal whether the trial court was correct in making this determination. In this situation, we assume the evidence presented at the hearing supported the trial court's conclusion. *See Rapp v. Olivo*, 149 Ariz. 325, 330, 718 P.2d 489, 494 (App.1986). Thus, we affirm trial court's holding that proration was not possible.

Both the Lessor and the Receiver have requested attorneys' fees on appeal. Based on our disposition of this case, we award reasonable attorneys' fees to the Lessor and accordingly request it to comply with Rule 21(c) of the Arizona Rules of Civil Appellate Procedure.

The judgment of the trial court is affirmed.

CORCORAN and CONTRERAS, JJ., concur.