NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WHOLESALE AUCTION HOMES LLC, *Plaintiff/Appellee*,

*v.*

IRENE MONTOYA, et al., *Defendants/Appellants*.

No. 1 CA-CV 24-0157

FILED 11-07-2024

Appeal from the Superior Court in Maricopa County
No. CV2024-000943
The Honorable Richard Albrecht, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Zona Law Group PC, Scottsdale
By Scott E. Willaims
*Counsel for Plaintiff/Appellee*

Irene Montoya & Jason Hemphill
*Defendants/Appellants*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1** Irene Montoya and Jason Hemphill ("Residents") appeal from a guilty judgment in a forcible entry and detainer ("FED") action initiated by Wholesale Auction Homes, LLC. We affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Residents lived in a residential property under a ten-year lease. In December 2023, Wholesale bought the property at a trustee sale under a deed of trust. That same day, Wholesale hand-delivered and sent by certified mail a "Written Demand of Surrender and Possession" of the property, listing the previous owner as the party in possession. Wholesale filed an FED complaint in the superior court about a month later.

**¶3** Residents moved to dismiss the complaint for failure to state a claim, which the court denied. At the initial appearance, Residents joined the case as defendants and claimed their lease with the previous owner gave them the right to possess the property. Wholesale argued the lease was not superior to the interest it obtained in the property, and under Arizona Revised Statutes ("A.R.S.") § 33-811, Residents' lease was extinguished. *See* A.R.S. § 33-811(E) (A trustee's deed will convey title clear of all interest subordinate to the deed of trust.). The superior court found Residents guilty and entered judgment in Wholesale's favor.

**¶4** Residents appeal the judgment. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

**¶5** Residents raise three issues on appeal.[1] First, Residents contend that Wholesale's complaint was deficient. Next, they argue Wholesale's written demand for possession did not satisfy the statutory notice requirements. Finally, Residents assert they were denied "the

---

[1] Residents raised additional issues in their reply brief, but the arguments are waived by their failure to raise them in the opening brief. *See VEREIT Real Est., LP v. Fitness Int'l, LLC*, 255 Ariz. 147, 154, ¶ 23 (App. 2023). Residents also added an appendix to their reply containing information outside the record. We decline to consider these documents. Ariz. R. Civ. App. P. 11(a); *John Munic Enters., Inc. v. Laos*, 235 Ariz. 12, 20, ¶ 25, n.5 (App. 2014) ("If a fact is not in the record, we may not consider it.").

opportunity to be heard, present evidence, and question [Wholesale] in an impartial tribunal." We reject the arguments and affirm the judgment.

**A.      Wholesale's Complaint Complied with FED Pleading Requirements.**

**¶6**      Residents contend the court erred by denying their motion to dismiss because Wholesale's complaint was incomplete, arguing it did not mention that the FED action was brought under a deed of trust sale or mention the terms "trustee" or "sale." We review the denial of a motion to dismiss *de novo*. *Motley v. Simmons*, 256 Ariz. 286, 290, ¶ 10 (App. 2023).

**¶7**      A complaint is enough to pursue an FED claim so long as the complaint meets the content and format requirements in the Arizona Rules of Procedure for Eviction Actions ("Eviction Rule(s)"). *See* A.R.S. § 12-1175(D).[2] As relevant to Residents' claim, Eviction Rule 5(b)(7) requires a complaint to state that "the specific reason for the eviction; that the defendant was served a proper notice to vacate, if applicable; the date the notice was served; and what manner of service was used." For a complaint on grounds other than nonpayment of rent, Eviction Rule 5(d)(2) requires the complaint to "state the reason for the termination of the tenancy with specific facts, including the date, place and circumstances of the reason for termination."

**¶8**      Wholesale complied with each requirement. Attached to the complaint was a copy of the trustee's deed of sale recorded with the county that stated the property was sold on December 6, 2023, under a deed of trust sale. Also attached to the complaint was the written demand of surrender, which noted, "THIS PROPERTY WAS PURCHASED AT A TRUSTEE SALE ON: 12/06/2023." The written demand showed that the notice had been sent by certified mail and was hand-delivered to the property on the same day as the sale. Wholesale attached its certified mail receipt to the

---

[2]      Both parties rely on civil caselaw and the Arizona Rules of Civil Procedure to argue Arizona's notice-pleading standard applies, but a Rule of Civil Procedure and cases interpreting it, by extension, only apply in FED actions if the Rule of Civil Procedure is specifically referenced in the Eviction Rules. *See* Ariz. R.P. Eviction Actions 1. Because the Eviction Rules do not incorporate Arizona's civil pleading rules, the pleading standard in FED statutes and rules apply.

complaint, and Residents do not contend that they did not receive the demand for possession.

**¶9**          Wholesale provided Residents with specific grounds for the eviction (the sale of the property at a trustee sale), the reason for the termination of tenancy (sale of the property), the date of termination (December 6), and the date, manner, and service of the notice to vacate within its complaint. Thus, Wholesale complied with all necessary pleading elements for an FED complaint. *See Montano v. Luff*, 250 Ariz. 401, 405, ¶ 11 (App. 2020) (Evictor substantially complied with Eviction Rule 5's pleading requirements by implicitly including the information in the complaint.).

**¶10**          Residents also contend Wholesale failed to present evidence of Residents' lease in the complaint. But Wholesale did not have to prove the existence of a lease in its complaint. Residents, rather than Wholesale, had a duty to assert any defense to the FED, including defenses about their lease or improper grounds for detainer. *See* Ariz. R.P. Eviction Actions 7 ("The defendant's answer shall also state . . . any defenses the defendant wishes to assert to the plaintiff's claims."); *cf.* Ariz. R.P. Eviction Actions 11(c)(1) ("*If the defendant appears and contests* any of the factual or legal allegations in the complaint or desires to offer an explanation . . . .") (emphasis added). The court correctly denied the dismissal motion.

**B.      Wholesale Properly Served Residents with a Written Demand for Possession.**

**¶11**          Residents assert Wholesale failed to provide a legally-compliant written demand for possession. Relying on *Alton v. Tower Capital Co.*, 123 Ariz. 602 (1979), Residents claim a written demand for possession must state that occupants have five days to give back possession of the property.

**¶12**          Whether Wholesale provided a legally-compliant demand involves a mixed question of law and fact, so we review it *de novo*. *Valdez v. Delgado*, 254 Ariz. 495, 499, ¶ 13 (App. 2019). We defer to the superior court's implicit or explicit factual findings, affirming them so long as they are not clearly erroneous. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 190, ¶ 65 (App. 2008); *see also Montano*, 250 Ariz. at 406, ¶ 14 (We apply *Clear Channel*'s review in the FED context.).

**¶13**          All actions for FED must follow a written demand for possession. *See* A.R.S. §§ 12-1171, -1173, -1173.01; *see also Alton*, 123 Ariz. at 604 (A written demand for possession is a prerequisite in an FED action against a month-to-month tenant.). While considering a previous version of

A.R.S. § 12-1173, *Alton* held that an FED proceeding cannot be commenced until five days after giving notice of a written demand for possession. 123 Ariz. at 604. Our legislature removed the five-day requirement from A.R.S. § 12-1173(A)(1) after *Alton*. *See* A.R.S. § 12-1173(1) (2024).

**¶14**        *Alton* is inapplicable here. Wholesale's FED action arose not under A.R.S. § 12-1173 but under A.R.S. § 12-1173.01(A)(2), which governs a forcible detainer after a trustee sale. Section 12-1173.01 does not require a waiting period before proceeding with an FED action. *See* A.R.S. § 12-1173.01(A) ("[A] person in any of the following cases who retains possession of any land . . . after he receives *written demand of possession* may be removed through an action for forcible detainer.") (emphasis added). Because the language our supreme court relied on in *Alton* for a five-day prerequisite to suing does not appear in A.R.S. § 12-1173.01, the waiting period does not apply to FED actions arising under the section.[3]

**¶15**        Wholesale provided Residents with a written demand for possession that satisfied the necessary requirements. Wholesale attached a "Written Demand of Surrender and Possession" to the complaint, and Residents do not contest that they received the demand. Wholesale complied with the requirements for making a written demand for possession before filing the FED action.

## C.     Residents Were Afforded Due Process.

**¶16**        Residents argue that the superior court denied them due process because it did not allow them to present a defense to Wholesale's claim. We disagree. Due process requires that the procedural rules that govern a case must provide the parties with notice and an opportunity to be heard "at a meaningful time in a meaningful manner." *See Morrison v. Shanwick Int'l Corp.*, 167 Ariz. 39, 42 (App. 1990); *Cook v. Losnegard*, 228 Ariz.

---

[3]        We note that Residents may have been afforded greater notice under federal law. *See* Protecting Tenants at Foreclosure Act, Pub. L. No. 111-22, § 702, 123 Stat. 1632, 1660-61 (2009) (codified at 12 U.S.C. § 5220 note) ("Protecting Tenants at Foreclosure Act") *amended by* Pub. L. No. 115-174, § 304, 132 Stat. 1296, 1339 (2018) (After foreclosure, "bona fide tenants" retain a right in some cases to possess the property until the end of their lease or must be provided 90 days' notice to vacate.). Residents waived the right to assert this argument by failing to raise it until their reply brief. *VEREIT Real Est., LP*, 255 Ariz. at 154, ¶ 23 (App. 2023).

202, 206, ¶ 18 (App. 2011). The FED procedures provided Residents with this opportunity. Eviction Rule 11(c)(1) reads:

> If the defendant appears and contests any of the factual or legal allegations in the complaint or desires to offer an explanation, the judge should determine whether there is a basis for a legal defense to the complaint either by reviewing a written answer filed pursuant to [Eviction] Rule 7 or by questioning the defendant in open court. If the court determines that a defense or proper counterclaim may exist, the court shall order a trial on the merits.

Residents could raise any defense to their possession, including their lease or an improper written demand for possession under Eviction Rule 11. Residents argued at the initial appearance hearing that their lease entitled them to possession. The superior court resolved the case at the initial appearance as permitted under Eviction Rule 11(e).[4] This did not violate the Residents' due process rights. *Cf. Montano*, 250 Ariz. at 406, ¶¶ 15-16 (A superior court can resolve the FED case at the initial appearance without violating the litigant's due process rights when no genuine issues are to be determined at a trial.).

---

[4] Residents' lease does not act as a legal defense here because Residents presented no evidence that their lease was of superior interest to the trust deed underlying the trust sale. *See* A.R.S. § 12-1173.01(B) ("The remedies provided by this section do not affect the rights of persons in possession under a lease . . . which is superior to the interest sold, forfeited or executed upon."); A.R.S. § 33-811(E) (A trustee's sale extinguishes all interests subordinate to the deed of trust but preserves all interests senior to the deed of trust.). A lease arising after the deed of trust does not provide any defense under state law at the time of foreclosure. *But see* Protecting Tenants at Foreclosure Act, § 702(a)(2)(A) (An immediate successor to interest on a foreclosed property takes the property subject to a tenant's right "under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease."). We need not resolve whether the federal law controls as the Residents failed to raise the issue in the superior court or their opening brief.

## CONCLUSION

¶17      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV